

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00352-CR

---

RASHARI NAE FONNE BRENT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 426th District Court
Bell County, Texas[1]
Trial Court No. 80164, Honorable Steven J. Duskie, Presiding

---

May 16, 2024

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rashari Nae Fonne Brent, appeals his conviction for murder[2] and sentence to fifty-two years of confinement. Appellant's brief was originally due February 26, 2024, but we granted Appellant's counsel two extensions to file a brief. By letter of April 8, 2024, we admonished counsel that failure to file a brief by April 26 could result in

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 19.02(b)(3).

the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. However, to date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     if appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

(4)     why a timely appellate brief has not been filed on Appellant's behalf;

(5)     whether Appellant's counsel has abandoned the appeal;

(6)     whether Appellant has been denied the effective assistance of counsel;

(7)     whether new counsel should be appointed;

(8)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by June 17, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant's counsel file a brief on or before May 30, 2024, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.